# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| MOISES DEL TORO, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Case No.: |
| RAC INVESTMENTS, INC. d/b/a ARC INVESTMENTS, | ) |
|     Defendant. | ) |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Moises Del Toro (hereinafter "Plaintiff" or "Del Toro") and files his Complaint against Defendant RAC Investments, Inc. d/b/a ARC Investments (hereinafter "Defendant" or "ARC Investments") and in support states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (hereinafter "ADA") and the Florida Civil Rights Act of 1992, Fla. Stat. §§760.10, *et seq.* (hereinafter "FCRA").

2. This is an action to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of his disability leading to his unlawful termination.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.

1

4. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law and the Florida Civil Rights Act of 1992 pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

6. Plaintiff, Del Toro, is a citizen of the United States, and was at all times relevant, a citizen of the State of Florida, residing in Osceola County, Florida.

7. Defendant, ARC Investments, Inc., is a Foreign Profit Corporation, with its corporate office in Montclair, California.

8. Defendant does business in this District and Plaintiff worked for Defendant at its 3200 13th St., St. Cloud, FL 34769 location. Additionally, Defendant operates several other adult residential communities in Florida.

9. Defendant is a covered employer under the ADA and the FCRA.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has complied with all statutory prerequisites to filing this action.

11. On March 13, 2020 Plaintiff dual-filed a claim with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability discrimination and retaliation.

12. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

13. On September 1, 2020, the FCHR issued to Plaintiff a Notice of Determination.

14. On October 9, 2020, the EEOC adopted the findings of the FCHR and issued to Plaintiff a Dismissal and Notice of Rights.

15. This complaint was filed within ninety days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

16. Plaintiff worked as a Maintenance Technician for Defendant at The Mark Mobile Home Community in St. Cloud, Florida.

17. Plaintiff began his employment in July 2018.

18. Plaintiff is a disabled male.

19. Plaintiff suffers from Diabetes and high blood pressure.

20. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

21. Defendant was on notice of Plaintiff's disability.

22. At all times material, Plaintiff was able to perform the essential functions of his job with or without accommodations.

23. In the summer of 2019, Miguel Barra became Defendant's Property Manager for The Mark location and thus became Plaintiff's supervisor.

24. Plaintiff verbally informed Mr. Barra of his disabilities in August 2019.

25. On or about December 2, 2019, Plaintiff suffered a diabetic episode and was admitted to the hospital due to high blood pressure and high blood sugar.

26. Plaintiff promptly notified Mr. Barra of his hospitalization.

27. On the morning of December 3, 2019, Plaintiff texted Mr. Barra to inform him that he was still hospitalized, and Mr. Barra responded, "No worries take care."

28. Roughly two hours later, Plaintiff sent Mr. Barra a copy of his hospital admission paperwork which advised that he would remain hospitalized that day.

29. Mr. Barra did not confirm receipt, so Plaintiff followed up again about two hours later.

30. That same morning, Plaintiff also texted the hospital admission paperwork to his Regional Manager, John Kendall.

31. On December 4, 2019, Plaintiff texted Mr. Barra at 7:52 AM that he was leaving the hospital and going home to get dressed and head to work.

32. Mr. Barra did not respond to Plaintiff's text message, so Plaintiff called Mr. Barra.

33. During that phone call, Plaintiff informed Mr. Barra that he was discharged and was able to come to work, but Mr. Barra told Plaintiff to go home and start fresh tomorrow.

34. On December 5, 2019, Plaintiff returned to work in the morning as per Mr. Barra's direction and worked for a few hours.

35. After working for a few hours on December 5, 2019, Mr. Barra text Plaintiff and instructed Plaintiff to come to his office.

36. When Plaintiff arrived at Mr. Barra's office, Mr. Barra informed him that Defendant was terminating his employment.

37. Mr. Barra further informed Plaintiff that he was terminated for being a "no-call, no-show" the previous day.

38. Plaintiff objected and reminded Mr. Barra that they spoke the previous day when Plaintiff was discharged from the hospital and Mr. Barra instructed Plaintiff not to come in that day.

39. Plaintiff made a clear request for an accommodation in the form of a brief leave of absence when he was hospitalized due to his disability.

40. Defendant terminated Plaintiff due to his disability and without further engaging in the interactive process with Plaintiff as required by the ADA.

41. Plaintiff has been damaged by Defendant's illegal conduct.

42. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I: Disability Based Discrimination in Violation of the ADA**

43. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-42 above.

44. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

45. Plaintiff was able to perform the essential functions of his job at the time of his termination.

46. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

47. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his disability.

48. Plaintiff has been damaged by Defendant's illegal conduct.

49. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

50. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

51. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count II: Failure to Accommodate in Violation of the ADA

52. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-42 above.

53. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

54. Defendant was aware of Plaintiff's disability.

55. Defendant failed to accommodate Plaintiff's disability or engage in the interactive process.

56. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

57. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

58. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count III: Retaliation in Violation of the ADA

59. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-42 above.

60. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

61. Defendant's conduct violates the ADA.

62. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

63. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

64. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count IV: Handicap Based Discrimination in Violation of the FCRA

65. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-42 above.

66. Plaintiff was a qualified individual with a handicap under the meaning of the FCRA.

67. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

68. Defendant violated the FCRA by terminating and discriminating against Plaintiff based on his handicap.

69. Defendant intentionally discriminated against Plaintiff on the basis of his handicap.

70. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

71. Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and or punitive damages.

## Count V: Retaliation in Violation of the FCRA

72. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-42 above.

73. Plaintiff engaged in protected activity under the FCRA while employed by Defendant.

74. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

75. Defendant's conduct violated the FCRA.

76. Defendant's discriminatory conduct, in violation of the FCRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

77. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

78. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Gary Martoccio*
Gary Martoccio
Florida Bar No. 99040
**SPIELBERGER LAW GROUP**
4890 W. Kennedy Blvd., Suite 950
Tampa, FL 33609
Telephone: (800) 965-1570
Facsimile: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Attorneys for Plaintiff*